## THOMAS H. WILLIAMS v. ARTHUR A. DOBSON COMPANY AND OTHERS.[1]

January 25, 1918.

No. 20,706.

**Negligence — contributory negligence — questions for jury.**

>  In an action to recover damages against a city and its employee under a contract, for injury sustained as the result of falling into an open sewer trench, where the trial court, at the close of the testimony, directed a verdict for the defendants, evidence considered and *held*, that the question of contributory negligence was for the jury, and that the testimony upon the question of the negligence of defendants made a case for the jury.

Action in the district court for Blue Earth county against Arthur A. Dobson Company, Globe Indemnity Company and City of Lake Crystal to recover $5,200 for injuries received by falling into an excavation for a sewer. Both answers alleged contributory negligence on the part of plaintiff. The case was tried before Comstock, J., who granted the motion of defendant city and that of defendant Dobson Company for a

[1]Reported in 166 N. W. 189.

directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Hughes & Ellsworth* and *H. L. & J. W. Schmitt,* for appellant.

*Ware & Junell* and *C. S. Strom,* City Attorney, for respondent.

QUINN, J.

Action to recover damages for injury sustained by plaintiff as the result of falling into an open sewer trench made by defendant Dobson Company for the defendant city under contract. At the close of the testimony, upon motion, the trial court directed a verdict for defendants. From an order denying his motion for a new trial, plaintiff appealed.

At the close of the testimony a motion was made on behalf of the defendants, Dobson Company and the city, for a directed verdict, upon the ground that the plaintiff had shown by his own evidence that he was guilty of contributory negligence, and that he had failed to prove that the defendants, or either of them, were guilty of negligence. Upon these motions a verdict was directed.

Crystal street is one of the public streets of the defendant city, extending in a northerly and southerly direction, Blue Earth street crossing it at right angles about a block south of where the plaintiff resides on Prince street. The Dobson Company had a contract with the city to install for it a sewerage system. The work of construction had been in progress since July, 1916, and on October 26 of that year had been completed on Prince street and south on Crystal street, in the center thereof, to within about 150 feet of the north cross-walk on Blue Earth street, and the trench refilled. From that point the trench had been dug south beyond the cross-walk. At the cross-walk the trench was between 5 and 6 feet in depth. The earth from the excavation had been thrown to the west side. The cross-walk was of stone, and in digging the trench one of the stones, which was about 5 feet long, something over 2 feet wide and 7 or 8 inches thick, was removed and placed at the east side of the trench.

The plaintiff is a small man 5 feet 4 inches tall, 67 years of age, and keeps a shoe store. At about 7:45 in the evening of the day in question, he started out from his home to walk for a little exercise,

going west on the sidewalk to Crystal street, thence south on the east side of Crystal street one block to Blue Earth street. Then he turned west and proceeded to cross the street on the stone cross-walk referred to. He testified that it was then very dark, that in order to follow the cross-walk and keep in line with it he had to look ahead at the lights a block or two in the distance, and that, when he got to about the center of the street, he stumbled and fell over the stone that had been left there by the workmen, into the trench, breaking the bones of the ankle and instep of his right foot. Plaintiff further testified that, while he knew the sewer was being constructed on Crystal street, he did not know that the work had proceeded as far south as this crossing. He also testified that there were no lights at this intersection of the streets; that there was no guard, light or signal of any kind at the crossing; that after his fall he called for help, and that Mr. Peterson and his daughter, Gladis Fox, came to his rescue and assisted him out of the trench and to his home.

Edward Peterson testified that he lived at the corner of Crystal and Blue Earth streets; that there was a street lamp at that corner, but that it was not burning on the night of October 26 and had not been for several nights; that he and his daughter had been to church and when they returned heard a cry for help; that they followed up the cry and found the plaintiff in the ditch; that he was standing with his hands on the top of a rock that had been removed from the cross-walk and laid on the east side of the ditch partly on the cross-walk. The ditch had caved in a little and the stone projected over its edge a trifle. That it was about 8 o'clock when he assisted the plaintiff out, and in taking him home they followed the cross-walk to the sidewalk; that there was nothing on the cross-walk but the stone; that there was no light or guard of any kind there; that there was a lantern on a tool box on the east side of the cross-walk running south on Blue Earth street; that there was another red lantern on the southwest corner of the same intersection; that he knelt down on the stone that night and saw it again next morning; that he did not see any red light on the stone that night.

Gladis Fox testified that she went down to the place of the accident

with her father; that it was very dark. In all other respects she corroborated her father's testimony.

Mrs. Granlund testified that she passed along the east side of Crystal street and across Blue Earth street on the cross-walk at about 7 o'clock in the evening in question; that it was very dark and that the street lamp was not lit at that time. She otherwise corroborated the testimony of the plaintiff and Mr. Peterson.

The testimony made contributory negligence on the part of the plaintiff, and negligence on the part of defendants, questions for the jury. The city ordinance has no application to the case, as is contended for by defendants. It was error to direct a verdict in favor of the defendants, for which a new trial should be granted.

Reversed.